UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EYNER ANTONIO MADRIGAL,

Petitioner,

v.

JOSHUA JOHNSON, et al.,

Respondents.

Case No. 5:26-cv-06763-KES

ORDER GRANTING THE PETITION AND ORDERING PETITIONER'S RELEASE FROM CUSTODY

On November 11, 2026, Eyner Antonio Madrigal ("Petitioner") filed a counseled petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition" at Dkt. 1), challenging his detention by the Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE"). The parties have consented to the jurisdiction of the Magistrate Judge. (Dkt. 7.)

The Petition raises the following claims: (1) Respondents have illegally detained Petitioner without a bond hearing under 8 U.S.C. § 1225(b)(2), when he is actually entitled to a bond hearing under § 1226(a); and (2) Respondents violated his procedural due process rights by failing to give him a pre-deprivation hearing before ICE detained him. (Pet. at 8-10; see also Pet. Exs. A-C / Dkt. 1-2 at 3-14

(DHS records indicating Petitioner was previously released on parole in 2022, applied for asylum in 2024, and was granted work authorization through 2029).)

On November 12, 2026, the Court issued its Standing Order for § 2241 Immigration Petitions, which stated in relevant part:

> **Failing to file an answer by the due date—or filing an answer that fails to substantively respond to any claim in the petition—may result in the Court granting the petition or claim as unopposed.** … Based on conversations between leaders at the U.S. Attorney's Office and the district court, the Court understands that in some cases, the U.S. Attorney's Office intends to indicate its lack of opposition by filing neither a notice of appearance nor an answer. As a result, the Court will assume that the government's failure to file a timely notice of appearance and/or an answer was not inadvertent, and the Court will not sua sponte extend those deadlines.

(Dkt. 6 at 2.)

Respondents' response to the Petition was due by November 19, 2026. (Dkt. 5 at 2.) As of the date of this order, no response has been filed.

Based on the facts and law stated in the Petition, and in light of Respondents' lack of opposition, IT IS HEREBY ORDERED that:

1. The Petition is granted.
2. Petitioner is not subject to detention under 8 U.S.C. § 1225(b)(2).
3. Respondents shall **immediately release** Eyner Antonio Madrigal (A# 246-546-363) from custody.
4. If Respondents have not released Petitioner **within three (3) days** of the date of this order, Petitioner may file a request for an order to show cause re contempt.
5. Respondents shall not re-detain Petitioner without providing Petitioner a pre-detention hearing before a neutral decisionmaker

where Respondents bear the burden of demonstrating by clear and convincing evidence that (a) Petitioner is a flight risk or a danger such that Petitioner's physical custody is required, or (b) on account of changed circumstances, there is a significant likelihood that Petitioner may be removed in the reasonably foreseeable future.[1]

DATED: November 20, 2026

Karen E. Scott

KAREN E. SCOTT
UNITED STATES MAGISTRATE JUDGE

[1] To the extent the Petition seeks attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), Petitioner's counsel would need to file a post-judgment motion that complies with 28 U.S.C. § 2412(d)(1)(B).